IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

      Plaintiff,

v.  No. 1:19-cv-00477-JHR

ALEX AZAR, Secretary,
Department of Health and Human Services,

      Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Plaintiff's Complaint for a Civil Case [Doc. 1], filed May 23, 2019 ("Complaint").

Plaintiff has filed three actions against the Secretary of the Department of Health and Human Services ("HHS Secretary"), the first being filed on July 9, 2015.  *See Jones v. Burwell*, No. 1:15-cv-00594-JAP-LF (D.N.M.) ("First Action").  Plaintiff's First Action is based on alleged wrongful denial of employment due to age discrimination with "irrefutable proof to this assertion [being] the sworn testimony of Ms. Carla Boudreau." [Doc.1, p. 2], filed July 9, 2015 in First Action.

Plaintiff initiated a second action against the HHS Secretary on September 22, 2017.  *See Jones v. Price*, No. 1:17-cv-00970-JB-KK (D.N.M.) ("Second Action").  The Statement of Claim in the Second Action states:

> Age Discrimination in employment is illegal.  HHS maintains an illegal policy of age discrimination for overseas Public Health Advisor positions, refusing to hire anyone over 59 years of age.  The irrefutable evidence of this policy is the affidavit of a senior HHS hiring authority, Ms. Carla Boudreau. This case involves Plaintiff's application for an overseas Public Health Advisor position.  This matter was properly raised before the EEO, <u>and was Procedurally Dismissed due to their</u>

<u>erroneous assertion that the claim was brought before the MSPB.  It was NOT raised before the MSPB.</u>

Complaint at 4 (underlining added).  Plaintiff's Second Action is currently pending on appeal.

In this the third and current action against the HHS Secretary ("Third Action"), the Statement of Claim in the Complaint states:

> Age Discrimination in employment is illegal.  HHS maintains an illegal policy of age discrimination for overseas Public Health Advisor positions, <u>since 2006,</u> refusing to hire anyone over 59 years of age.  The irrefutable evidence of this policy is the affidavit of a senior HHS hiring authority, Ms. Carla Boudreau.  This case involves Plaintiff's application for an overseas Public Health Advisor position.  This matter was properly raised before the EEO, <u>case 540-2018-00160X.  Both fraud and false representation by the Agency and the EEO were involved.  Final letter from Ms. Richards-Crooks, confirming dismissal of complaint, was received February 27, 2019.  Thus this filing is within the 90-day time limit for a civil action.</u>

Complaint at 4 (underlining added).  The Statements of Claim in the Second Action and the Third Action are identical except for the underlined portions.  All three actions appear to arise from Plaintiff being "unlawfully denied employment since 2006." [Doc. 1, p. 4].

For the Court to have subject-matter jurisdiction over Plaintiff's age-discrimination claim, Plaintiff had to exhaust the Equal Employment Opportunity Commission's ("EEOC") available administrative remedies.  *See Hankishiyev. ARUP Laboratories*, 732 Fed.Appx. 673, 677 (10th Cir. 2018) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter"); *see also Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) ("If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*").

To assist the Court in determining whether the Court has subject-matter jurisdiction over Plaintiff's age-discrimination claim, Plaintiff shall, within 21 days of entry of this Order, file a response which:

2

1. Lists and describes <u>all</u> adverse employment actions, including the dates of those actions, that Plaintiff alleges Defendant has taken against Plaintiff and which violate the Age Discrimination in Employment Act.

2. Lists <u>all</u> the charges, complaints, questionnaires, and other documents Plaintiff has filed with the EEOC regarding Defendant's alleged age-discrimination against Plaintiff.  Plaintiff shall attach copies of those documents to his response to this Order.

3. Lists <u>all</u> the final determination letters, dismissal and notice of rights, and any other documents Plaintiff has received from the EEOC regarding the EEOC's investigations and determinations of Plaintiff's claims.  Plaintiff shall attach copies of those documents to his response to this Order.

4. Lists and describes <u>all</u> the factual differences between this action and the Second Action; i.e. what facts that form the basis of this action were not part of the Second Action, *Jones v. Price*, No. 1:17-cv-00970-JB-KK.

5. Shows cause why this case should not be dismissed for lack of subject-matter jurisdiction.

6. Explains why the decision in the Second Action, *Jones v. Price*, No. 1:17-cv-00970-JB-KK, subject to the pending decision by the Tenth Circuit Court of Appeals, does not settle the issue raised in this action.

Failure to timely comply with this Order may result in dismissal of this case.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does

not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

IT IS ORDERED that Plaintiff shall, within 21 days of entry of this Order to Show Cause, file a response to this Order to Show Cause.

                                                                    _____
                                                                    JERRY H. RITTER
                                                                    UNITED STATES MAGISTRATE JUDGE