IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

    Plaintiff,

v.                                                                                                                      CV 19-00477 JB/JHR

ALEX AZAR,
Department of Health and Human Services,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Plaintiff's *Request for a Meeting*, filed July 1, 2019 [Doc. 14]; Plaintiff's *Request for a Hearing*, filed July 24, 2019 [Doc. 16]; Defendant's *Motion for Summary Judgment and Supporting Memorandum*, filed August 5, 2019 [Doc. 20]; Plaintiff's *Request for Preliminary Hearing*, filed August 9, 2019 [Doc. 26]; Plaintiff's *Motion for Summary Judgment -1, in conjunction with 18 USC § 1512*, filed August 19, 2019 [Doc. 29]; Plaintiff's *Motion for Summary Judgment – 2, Merits of the Case and Civil Misconduct, US Attorney's Office*, filed September 11, 2019 [Doc. 34]; Plaintiff's *Motion for Sanctions*, filed September 30, 2019 [Doc. 39]; Plaintiff's *Motion to End Stay of the Discovery Process*, filed October 4, 2019 [Doc. 40]; Plaintiff's *Motion to End Stay of the Discovery Process - Second Request*, filed October 22, 2019 [Doc. 43]; and Plaintiff's *Renewed Motion Requesting a Meeting*, filed November 8, 2019 [Doc. 45].

The determinative question is whether the record evidence support's Plaintiff's claim that he was rated not qualified and ultimately not interviewed for the position of Public Health Advisor on the basis of his age. [Doc. 1, p. 4; Doc. 20, pp. 2-3, 6-7]. Having considered the parties

submissions, the record, and the relevant law, I propose to find that the record does not support Plaintiff's claim of age discrimination. I recommend that Defendant's Motion for summary judgment be granted and that the Court deny Plaintiff's Motions for summary judgment, Motion for sanctions, requests for hearing, and Motions to end the discovery stay.

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises out of Plaintiff's application for a Public Health Advisor (PHA) position with the Centers for Disease Control (CDC), a division of the United States Department of Health & Human Services (HHS). [Doc. 1, p. 4; Doc. 20, pp. 1-2]. On September 16, 2016, the CDC issued Job Announcement HHS-CDC-OD-6-1782420 (the Job Announcement) to create a pool of applicants for Public Health Advisor positions in various overseas locations. [Doc. 20-1, p. 1]. Plaintiff submitted an online application in response to the Job Announcement in February 2017. [*Id.*]. The Job Announcement closed March 1, 2017. [*Id.*]. Subsequently, the Division of Global HIV and TB submitted three job requisitions to the CDC to fill Public Health Advisor positions in Mozambique, Ethiopia and Botswana. [Doc. 20, p. 2; Doc. 20-1, pp. 1-2]. These were the only requisitions relative to the Job Announcement that were received after Plaintiff submitted his application. [Doc. 20-1, p. 2].

Trevino Henderson was the CDC Human Resources Specialists tasked with processing job vacancy announcements in 2017. [*Id.*, p. 1]. For each of the three requisitions received after Plaintiff submitted his application, Mr. Henderson ran a query through the HR system to identify potentially qualified applicants. [*Id.*, p. 2]. The system generated a list of applicants who matched the requisitions according to the applicants' reported country and job preferences, ranking the matching applicants based on the applicants' self-assessed experience level and veteran status.

---

[1] On the record currently before the Court, the facts in this section are undisputed, except as noted.

[*Id.*]. The application packets of the higher ranked applicants were to undergo a qualification review by a Human Resources Specialist in order to minimize the chance that applicants who overestimated their qualifications would be given preference over applicants more modest in describing their qualifications. [*Id.*].

Based on his veteran status and self-assessed qualifications, Plaintiff was initially ranked as one of the "best qualified" applicants for the three positions, subject to qualification review. [*Id.*]. After reviewing Plaintiff's application packet, Mr. Henderson concluded that Plaintiff's resume did not reflect one year of specialized experience including "experience providing management and operations or technical advice and assistance in the management and implementation of public programs" required by the Job Announcement, nor did it reflect that Plaintiff had any direct work experience or expertise in HIV/AIDS or tuberculosis (TB) specifically required for the positions at issue. [*Id.*, p. 3]. Accordingly, Mr. Henderson concluded that Plaintiff was not qualified for the positions and did not forward his name to the selecting officials for consideration. [*Id.*].

On January 23, 2017, a Presidential Memorandum was issued ordering a freeze on the hiring of Federal civilian employees. [Doc. 20-1, p. 3, 14]. The freeze prohibited the filling of any vacant positions existing at noon January 22, 2017, or the creation of new positions, except in limited circumstances. [*Id.*]. As a result of the freeze, no external applicant was selected for any of the three requisitions issued under the Job Announcement. [*Id.*]. Each job requisition expired sixty-days after its issuance, precluding further use. [*Id.*, p. 3].

On May 10, 2017, Plaintiff filed a Formal Individual Complaint Form for Employment Discrimination with HHS. [Doc. 20-3]. The matter was heard by Timothy Hagan, Administrative Judge for the Equal Employment Opportunity Commission, who granted summary judgment in

3

favor of HHS on October 29, 2018. [Doc. 7, pp. 80-104]. HHS adopted Administrative Judge Hagan's decision on February 25, 2019. [Doc. 7, pp. 105-106]. Plaintiff filed his Complaint commencing the present action on May 23, 2019. [Doc. 1]. Plaintiff alleges that he was not hired for the positions requisitioned under the Job Announcement due to his age, in violation of the Age Discrimination in Employment Act 29 U.S.C. §§ 621-634 (2017).

## II. ANALYSIS

### A. Defendant is Entitled to Summary Judgment and, Conversely, Plaintiff Cannot Prevail on Summary Judgment Because Plaintiff Has Not Adduced Direct or Circumstantial Evidence of Age Discrimination

"Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Weigel v. Broad*, 544 F.3d 1143, 1150–51 (10th Cir. 2008) (alteration, internal quotation marks and citation omitted); Fed. R. Civ. P. 56(c). In the context of ADEA claims, a plaintiff may prevail on summary judgment by providing either direct or circumstantial evidence of discrimination. *Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1309 (10th Cir. 2013).[2]

#### 1. Evidence Related to the World Health Organization's Mandatory Retirement Age is Not Direct Evidence of Age Discrimination Against Plaintiff

Direct evidence of age discrimination "is evidence from which the trier of fact may conclude, without inference, that the employment action was undertaken because of the employee's protected status." *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Here, direct evidence would be evidence from which a jury could conclude, without inference, that

---

[2] The merits of Plaintiff's ADEA claim are argued in the briefing for Defendant's Motion for Summary Judgment and Plaintiff's Second Motion for Summary Judgement. [Doc. 20; Doc. 34]. Because the burden of persuasion on Plaintiff's ADEA claim remains with the Plaintiff, the analyses below is applicable to both Motions. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."); *see generally* 9 J. Wigmore, Evidence § 2489 (3d ed. 1940) (the burden of persuasion "never shifts").

HHS did not hire Plaintiff for the positions in Ethiopia, Botswana, and Mozambique because of his age.

Plaintiff points to statements contained in a 2016 declaration by Carla Boudreau, a senior hiring authority in the CDC, as direct evidence of age discrimination by HHS and the CDC. [Doc. 28, pp. 1-2; Doc. 34, p. 14]. The declaration summarizes testimony by Ms. Boudreau before the Merit Systems Protection Board in 2013 relative to a separate proceeding brought by Plaintiff. [Doc. 7, pp. 77-78]. At issue here are Ms. Boudreau's statements regarding a 2006 agreement between HHS and the World Health Organization (WHO). Ms. Boudreau explained that "[i]n 2006, HHS and the [WHO] entered into an agreement allowing HHS to detail employees to the WHO…. Pursuant to the terms of that agreement, individuals detailed to the WHO are subject to the laws and regulations of the United States and to WHO rules…including a mandatory retirement age, sixty-two (62)."

Plaintiff argues that this testimony establishes a department-wide policy whereby HHS does not hire individuals who are older than 59 for overseas PHA positions. [Doc. 28, pp. 1-2; Doc. 34, p. 14]. Plaintiff has made the same argument in previous age discrimination lawsuits against HHS. *Jones v. Price (Jones I)*, 695 F. App'x 374 (10th Cir. 2017) (per curiam); *Jones v. Azar (Jones II)*, 772 F. App'x 692, 695-98 (10th Cir. 2019).

In *Jones I*, the district court concluded that Ms. Boudreau's testimony did not constitute direct evidence of age discrimination and granted summary judgment against Plaintiff's age discrimination claims. *Jones I*, 695 F. App'x 374. The Tenth Circuit affirmed. *Id.* In doing so, the Tenth Circuit concluded that Ms. Boudreau's testimony referred only to overseas positions filled pursuant to the agreement between HHS and the WHO. *Id.* at 376. Because all of the positions at issue in *Jones I* were based in the United States and were not overseas positions involving a detail

to the WHO, Ms. Boudreau's testimony was not direct evidence of HHS age discrimination against Plaintiff. *Id.* ("It takes a large leap to get from an assertion that the CDC follows age-based guidelines in filling overseas positions governed by its agreement with the WHO to a conclusion that CDC failed to hire [Plaintiff] for *domestic* positions because of his age. And that leap necessarily means it isn't direct evidence of discrimination." (emphasis in original) (internal quotation marks and alterations omitted)); *see Roberts*, 733 F.3d at 1308 (concluding "evidence requiring any inference to suggest age discrimination...qualifies at most as circumstantial, not direct, evidence of an ADEA violation").

In *Jones II*, the position at issue was an overseas position with the Health Resources and Service Administration (HRSA) which did not involve a detail to the WHO nor any cooperative agreement between the WHO and HRSA. *Jones II*, 772 F. App'x at 696. Accordingly, as in *Jones I*, the Tenth Circuit concluded that the WHO agreement to which Ms. Boudreau testified did not apply to the position at issue in that case and held that Ms. Boudreau's declaration and testimony did not constitute direct evidence of age discrimination by HRSA in its decision not to hire Plaintiff. *See id.*

The positions at issue in this case are similar to the position at issue in *Jones II* in that they are all overseas positions which do not involve a detail to the WHO nor implicate the agreement between the WHO and the HHS. [Doc. 20-1, p. 2]. Although the Job Announcement in the present case disclosed the possibility that it could be used to recruit for positions that would require a detail to an international organization, such as the WHO, none of the positions at issue involved such a detail nor were they subject to any WHO related age restriction. [Doc. 20-1, pp. 2, 5]. As in *Jones II*, the WHO agreement to which Ms. Boudreau testified does not apply here. Therefore, Ms.

Boudreau's testimony does not constitute direct evidence of age discrimination by the HHS in its decision not to hire Plaintiff for the positions at issue in this case.

**2. Plaintiff Has Failed to Adduce Circumstantial Evidence of Age Discrimination**

Absent direct evidence of age discrimination, ADEA claims are reviewed under the burden-shifting framework described in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff alleging discrimination in a failure to hire case has the initial burden on summary judgment of demonstrating a prima facie case of discrimination. *See Burdine*, 450 U.S. at 252-53. To meet this burden, the plaintiff must produce evidence sufficient for a reasonable jury to conclude the plaintiff "applied for an available position for which she was qualified but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Id.* If the plaintiff makes this initial showing, the burden shifts to the defendant to articulate a nondiscriminatory reason for not hiring the plaintiff. *Id.* If the employer does so, then the burden shifts back to the plaintiff to produce sufficient evidence for a reasonable jury to conclude the defendant's proffered rationale is pretextual. *See id.*; *Roberts*, 733 F.3d at 1309.

To establish a prima facie case of age discrimination in the failure to hire context, the plaintiff must show: (1) he "belongs to a protected class;" (2) he "applied and was qualified for a job for which the employer was seeking applicants"; (3) "despite being qualified, [he] was rejected"; and (4) "after plaintiff's rejection, the position remained open and the employer continued to seek applicants from persons of [plaintiff's] qualifications." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation marks omitted); *see McDonnell Douglas*, 411 U.S. at 802. The second and fourth elements of this test are intended to eliminate two of the most common nondiscriminatory reasons for the plaintiff's rejection—"an

7

absolute or relative lack of qualifications" and "the absence of a vacancy in the job sought." *Kendrick*, 220 F.3d at 1226-27 (internal quotation marks omitted). "Elimination of these reasons for the refusal to hire is sufficient, absent other explanation, to create an inference that the decision was a discriminatory one." *Id.* at 1227 (internal quotation marks omitted). In this case Plaintiff has not produced evidence that would allow a reasonable jury to eliminate either reason, and has thus failed to establish a prima facie case of age discrimination.

    a. **Plaintiff Has Not Provided Evidence That He Was Qualified for the Positions at Issue**

Regarding Plaintiff's qualifications for the positions at issue in this case, Defendant has produced a declaration from Mr. Henderson reporting and explaining his determination that Plaintiff was not qualified for the positions. [Doc. 20-1, pp. 1-4]. Mr. Henderson reached his conclusion by comparing the experience Plaintiff reported in his resume to the general and specialized experience required in the Job Announcement. [*Id.*]. It is undisputed that the Job Announcement set forth the requisite qualifications for the positions. [Doc. 20-1, pp. 6-7]. As stated in the announcement, the minimum qualifications for a Public Health Advisor position at a GS-13 level, which is the minimum level Plaintiff would accept according to his application, "applicants must possess at least one year of specialized experience equivalent to at least the GS-12 grade level of Federal Service." [*Id.*, p. 6]. "Specialized experience is experience which is directly related to the position which has equipped the applicant with the particular knowledge, skills and abilities (KSAs) to successfully perform the duties of the position to include experience providing management and operations or technical advice and assistance in the management and implementation of public programs." [*Id.*]. Additionally, the specific positions for which Plaintiff's resume was reviewed required "specialized experience with HIV/AIDS, infectious diseases, and TB." [*Id.*; Doc. 20-2, p. 2].

8

According to Mr. Henderson, after a thorough review of Plaintiff's resume, he concluded that it did not reflect that Plaintiff met the general or specialized experience requirements for the positions at issue. [Doc. 20-1, p. 3]. I do not disagree. Relevant experience is difficult to identify in Plaintiff's thirty nine page resume, which Administrative Judge Hagan of the EEOC described as a "literary work that mixes personal history with social commentary [including] three pages of complaints of prior mistreatment by the Agency, extensive Holiday-card-style discussion of his travels throughout Eurasia, and a couple of pages containing short biographies of soldiers who were killed in Vietnam, among other digressions" in which "the occasional scraps of professional history are hidden by bombast, rhetoric, embellishment, and irrelevancies." [Doc. 7, p. 84].

While Plaintiff claims that he has one year of specialized experience at the GS-12 grade level, for which he cites to the preamble of his resume where he states that he has "thirteen years of equivalent Federal experience at the GS-14 level" [Doc. 28, p. 20], Plaintiff's unsupported opinion of his own qualifications is not sufficient to establish a genuine issue of fact regarding Plaintiff's qualifications for the positions at issue. *Jones II*, 772 F. App'x at 697; *see Santana v. City & Cty. of Denver*, 488 F.3d 860, 866 (10th Cir. 2007) ("[A]n employee's opinion about his or her qualifications does not give rise to a material factual dispute.").

Plaintiff also claims that "the Agency itself has found [him] 'Best Qualified' for at least 178 positions." [Doc. 28, p. 3]. To the extent that Plaintiff is referring to the process of initial screening, in which applicants are initially ranked based on their self-assessed experience, such rankings are subject to qualification review and do not reflect a final determination by HHS as to whether an applicant is qualified for a specific position. [Doc. 20-1, p. 2]. To the extent Plaintiff is claiming that he has actually been determined to be qualified for other positions, he does not provide any evidentiary support for this claim. [*Id.*]. Even if Plaintiff had proved prior

qualification, it would not establish a factual dispute regarding his qualifications for the positions at issue in this case because there is no evidence that the qualifications and experience required for the prior positions corresponded to those required for the positions here. [*Id.*].

Finally, Plaintiff asserts that Mr. Henderson improperly evaluated Plaintiff's application, based on allegations that HHS officials have overlooked or minimized his qualifications for a handful of other positions over the years. [Doc. 28, pp. 4-5]. This unsupported assertion is little more than speculation and is not evidence from which a reasonable jury could infer that Plaintiff was, in fact, qualified for the positions at issue here. *See Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To defeat a motion for summary judgment, evidence ... must be based on more than mere speculation, conjecture, or surmise." (internal quotation marks omitted)); *see also Helget v. City of Hays*, 844 F.3d 1216, 1223 n.3 (10th Cir. 2017) ("[W]here a nonmoving party (who has the burden of persuasion at trial) fails to provide admissible evidence rebutting testimony offered by the moving party, the question is not one of credibility, but rather the absence of evidence creating a triable issue of fact.").

Although Plaintiff disagrees with the conclusion that he was not qualified for the positions at issue in this case, Plaintiff's belief that he was qualified does not give rise to a genuine issue of material fact absent relevant evidence from which a reasonable jury could find in his favor. *Santana v. City & Cty. of Denver*, 488 F.3d 860, 866 (10th Cir. 2007) ("[A]n employee's opinion about his or her qualifications does not give rise to a material factual dispute."). Because Plaintiff has not demonstrated the existence of a genuine issue of material fact as to whether he "applied *and was qualified for* a job for which [Defendant] was seeking applicants," Defendant is entitled to summary judgment on the ground that Plaintiff cannot establish a prima facie case of age discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802 (emphasis added); *see Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Garrison v. Gambro, Inc.*, 428 F.3d 933, 937 (10th Cir. 2005) ("In the context of summary judgment, the *McDonnell Douglas* framework requires a plaintiff to raise a genuine issue of material fact on each element of the prima facie case[.]").

   b. **Plaintiff Has Not Provided Evidence That the Positions at Issue Remained Open After Plaintiff's Rejection**

Regarding the fourth part of Plaintiff's prima facie case of age discrimination, he must show that after his application was rejected, the position remained open and the employer continued to seek qualified applicants. *See McDonnell Douglas*, 411 U.S. at 802. Plaintiff cannot meet this part of his burden because HHS did not continue to seek applicants after his application was rejected. [Doc. 20-1, p. 3, 14]. According to Mr. Henderson, efforts to the fill the positions at issue were abandoned due to the government-wide hiring freeze imposed in January 2017 and the positions were never filled. [*Id.*, p. 3]. Further, the requisitions for each of the positions at issue expired sixty days after issuance, precluding their further use. [Doc. 20-1, p. 3].

Plaintiff has not provided evidence from which a reasonable jury could find that the position was filled. Nor has Plaintiff provided evidence demonstrating that after his application was rejected, Defendant continued to seek applicants to fill the position whose qualifications matched or were similar to his own. Defendant is, therefore, entitled to summary judgment on the ground that Plaintiff has not presented evidence sufficient to create a genuine issue of fact in regard to the fourth element of the prima facie case of age discrimination.

   c. **Plaintiff Has Not Shown That HHS' Reasons for Not Hiring Him Were Pretextual**

Where, as here, a plaintiff has failed to establish a prima facie case of age discrimination under *McDonnell Douglas*, summary judgment is appropriate, and the Court need not continue

with the burden shifting framework. *See Burdine*, 450 U.S. at 253. However, I will briefly address Plaintiff's contention that HHS' proffered reasons for not hiring him were pretext for age discrimination.[3] [Doc. 28, p. 14; Doc. 34, p. 18].

A plaintiff may demonstrate pretext by producing evidence of "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Lobato v. New Mexico Env't Dept.*, 733 F.3d 1283, 1289 (10th Cir. 2013). "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision[,] not the plaintiff's subjective evaluation of the situation." *Id.* (alteration in original) (internal quotation marks and citation omitted). The "relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Id.* (alteration in original) (internal quotation marks and citation omitted).

The Court's role "is to prevent and redress unlawful discrimination, and not to act as a super personnel department second guessing employers' honestly held (even if erroneous) business judgments." *Young v. Dillon Companies., Inc.*, 468 F.3d 1243, 1250 (10th Cir. 2006) (internal quotation marks omitted). "[E]vidence of pretext defeats summary judgment only if it can reasonably lead the trier of fact to infer discriminatory motive." *Braun v. St. Pius Parish*, 509 F. App'x. 750 (10th Cir. 2013) (internal quotation marks and citation omitted).

---

[3] To the extent that Plaintiff's arguments that (1) HHS maintains and enforces an illegal policy of age discrimination; (2) Mr. Henderson improperly evaluated Plaintiff's application; and (3) HHS officials have overlooked or minimized his qualifications for a number of positions in the past [Doc. 28, pp. 1-2, 4-5, 9-14; Doc. 34, pp. 3-4, 14, 18-28], are duplicative of Plaintiff's arguments in support of age discrimination, those arguments have been addressed and will not be resolved a second time here.

Here, Defendant has provided evidence detailing the process by which Mr. Henderson reviewed Plaintiff's application packet and evaluated his qualifications for the positions at issue. [Doc. 20-1, pp. 1-4]. Defendant has also provided Mr. Henderson's sworn statement that he believed in good faith that Plaintiff was not qualified for those positions as well as evidence supporting that belief. [*Id.*, pp. 1-15]. In suggesting that HHS' proffered reason for not hiring him is pretextual, Plaintiff makes four contentions not previously addressed: (1) CDC employees have attempted to circumvent veteran employment rights in order to promote an employee; (2) in 2010, CDC hired an unqualified applicant to fill a vacant Public Health Advisor position; (3) in 2014, CDC employees questioned whether applicants identified on certificates of eligibility were qualified; and (4) studies show that Federal hiring, and particularly hiring by the CDC, does not involve fair and open competition for job vacancies. [Doc. 28, pp. 4-8].

In support of these assertions, Plaintiff provides purported emails to and from CDC employees and studies by the Merit System Protection Board and management consulting company Korn Ferry. [Doc. 7, pp. 53-55, 135-136, 141-145]. These documents appear to be incomplete and are not authenticated, which precludes their consideration on summary judgment. *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016) ("To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." (internal quotation marks and citation omitted); *see also Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995) ("It is well settled in this circuit that we can consider only admissible evidence in reviewing ... summary judgment."). More importantly, there is no indication that the documents or their purported content are connected to the employment action in this case. Accordingly, the documents to not call into question Mr. Henderson's good faith belief that Plaintiff was not qualified for the positions at issue in this case and are insufficient to establish pretext. [Doc. 20-1, p. 3]; *Lobato*, 733 F.3d at 1289.

For all of the reasons detailed above, I recommend that Defendant's Motion for Summary Judgment [Doc. 20] be granted, and Plaintiff's second Motion for Summary Judgment [Doc. 34] be denied.

### 3. Plaintiff's Allegations of Misconduct Are Not Grounds to Grant Summary Judgment in His Favor

In his first Motion for Summary Judgment, Plaintiff requests that his ADEA claims be decided in his favor due to alleged violations of 18 U.S.C. § 1512 (2018) by certain members of the United States Attorney's Office. [Doc. 29, pp. 1-2, 19-20, 24, 27, 20-31].

18 U.S.C. § 1512 is a criminal statute prohibiting tampering with a witness, victim, or informant. However, Plaintiff lacks standing to seek civil redress under § 1512 since the statute does not provide a private right of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of civil claims that were based on alleged violations of criminal statues because the criminal statutes at issue did "not provide for a private right of action and [were] thus not enforceable through a civil action."); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (unpublished) (holding that the movant lacked "standing to seek any kind of civil redress under [18 U.S.C. ] §§ 241 and 242 because neither criminal statute provides for a private civil cause of action."); *Higgins v. Neal*, 52 F.3d 337 (10th Cir. 1995) (holding that the plaintiff, a private citizen, lacked standing to maintain a criminal action against state actors, recognizing "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions." (internal quotation marks and citation omitted).

Even if Plaintiff had standing to seek civil redress under § 1512, violations of the statute, if proven, would not be grounds for summary judgment on Plaintiff's ADEA claim. Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim

or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* Here, Plaintiff concedes that the alleged violations of § 1512 do not bear on the merits of his ADEA claim. [Doc. 43, p. 1].

For these reasons, I recommend that Plaintiff's second Motion for Summary Judgment be denied.

### B. Plaintiff Has Not Demonstrated That Sanctions Are Warranted

Plaintiff alleges that Assistant United States Attorney (AUSA) Erin Langenwalter was deliberately untruthful in representations made in Defendant's Response to Plaintiff's second Motion for Summary Judgment. [Doc. 39, p. 1]. Plaintiff requests that the Court sanction AUSA Langenwalter and refer her to the Disciplinary Board of the New Mexico Supreme Court. [*Id.*, pp. 1, 7].

Under Federal Rule of Civil Procedure 11, attorneys and pro se parties may be sanctioned for presenting a motion or argument to the Court that is frivolous, legally unreasonable, without evidentiary foundation, or brought for an improper purpose. Fed. R. Civ. P. 11(b) and (c).

Here, Plaintiff's request for sanctions involves Undisputed Material Fact 36 in his second Motion for Summary Judgment, and Defendant disputes that asserted fact. [Doc. 39, pp. 1-2]. Plaintiff's Undisputed Material Fact 36 reads in pertinent part, "Ms. Carla Boudreau admitted to the illegal policy of age discrimination before the [Merit Systems Protection Board]." [Doc. 34, p. 14]. Defendant's response reads in pertinent part, "UMF 36 is disputed because it misstates Ms. Boudreau's prior testimony. At no time did Ms. Boudreau admit that HHS has an illegal policy of age discrimination. On the contrary, she testified that the CDC does not discriminate against applicants on

15

the basis of age for positions based in the United States, or otherwise, in compliance with the [ADEA]." [Doc. 38, p. 4-5 (citing Boudreau Declaration, [Doc. 7, p. 77])].

Plaintiff does not dispute that Ms. Boudreau testified that the CDC does not discriminate against applicants on the basis of age for positions based in the United States, or otherwise, in compliance with the ADEA. [Doc. 39, p. 4]. Rather, Plaintiff claims that Ms. Boudreau also testified that "'otherwise qualified candidates' had been rejected solely on the basis of age", and that the omission of this additional testimony from Defendant's Response constitutes a lack of candor with the Court. [Doc. 39, p. 4].

In this instance, the context of the additional statement by Ms. Boudreau is helpful. In her 2016 declaration, Ms. Boudreau stated:

> In 2006, HHS and the [WHO] entered into an agreement allowing HHS to detail employees to the WHO. Pursuant to the terms of that agreement, individuals detailed to the WHO were subject to the laws and regulations of the United States and to WHO rules…While on detail, CDC personnel are on no-cost WHO contracts, and are subject to certain WHO policies, including a mandatory retirement age, sixty-two (62). The WHO has in the past rejected otherwise qualified CDC candidate [sic] on the basis of age…The CDC, does not, however, discriminate against applicants on the basis of age for positions based in the United States, or otherwise, in compliance with the [ADEA]."

[Doc. 7, p. 77].

In light of Ms. Boudreau's statements, taken together in context, Defendant's dispute of Plaintiff's Undisputed Material Fact 36 cannot be characterized as "frivolous, legally unreasonable, [or] without evidentiary foundation." Fed. R. Civ. P. 11(b). This is especially true given the rulings by this Court and the Tenth Circuit that the same testimony by Ms. Boudreau did not demonstrate that HHS or any of its agencies, including the CDC, maintain a policy that discriminates on the basis of age. *See Jones v. Azar*, No. 17-cv-0970, 2018 WL 3207122, at *4 (D.N.M. June 30, 2018), *aff'd*, 772 F. App'x 692 (10th Cir. 2019); *see also Jones II*, 772 F. App'x

16

at 696; *Jones I*, 695 F. App'x 376. Plaintiff has not established a basis for the relief requested and I recommend that his Motion for Sanctions be denied.

### C. The Parties Written Submissions Are Sufficient to Inform the Court's Disposition of the Pending Motions

During the pendency of this case, Plaintiff filed two requests to meet with the presiding judge and two requests for a preliminary hearing.[4] [Doc. 14; Doc. 16; Doc. 26; Doc. 45]. The decision to grant a hearing is within the sound discretion of the Court. Motions, including motions for summary judgment, may be decided without a hearing where the issues and evidence presented can be adequately addressed by review of the briefs and accompanying materials. *See Justice v. Wallace*, 185 F. App'x 745, 748 (10th Cir. 2006) ("A formal evidentiary hearing with oral argument is not necessarily required before a district court enters summary judgment. Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court.") (internal quotation marks and citation omitted); *see also Martinez v. Blackburn*, 325 F. App'x 671, 673-74 (10th Cir. 2009) ("The propriety of deciding a case by summary judgment, and doing so without a hearing, are well-established judicial procedures."); *Shannon v. Graves,* 257 F.3d 1164, 1167 (10th Cir.2001) (stating that the Seventh Amendment right to a jury trial "is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury"); *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (explaining that a party's right to be heard on summary judgment "may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court"); *see also* D.N.M.LR-Civ. 7.6 ("A motion will be decided on the briefs unless the Court sets oral argument."). Plaintiff has not articulated how a

---

[4] Plaintiff also requested a preliminary hearing in each of his Motions to end the stay of discovery. [Doc. 40, p. 3; Doc. 43, p. 5].

meeting with the presiding judge or a preliminary hearing would assist the Court in its disposition of the pending motions in this case. Accordingly, I recommend that Plaintiff's requests for a meeting and for a preliminary hearing be denied.

## D. Good Cause Exists to Stay Discovery During the Pendency of Dispositive Motions

On August 8, 2019, the Court granted Defendant's *Motion to Vacate Deadlines and Stay Discovery Pending Decision on Motion for Summary Judgment* [Doc. 21]. [Doc. 22]. Plaintiff has twice moved to end the stay. [Doc. 40; Doc. 43].

A court has broad discretion to stay proceedings incident to its power to manage its docket and may also issue a stay pursuant to Federal Rule of Civil Procedure 26(c), which allows the court for good cause to limit discovery to protect a party from "undue burden or expense." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). In deciding whether to stay discovery, a court may consider whether there are pending motions that would dispose of the entire case, and whether those motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims. *Corwin v. Marney, Orton Inv.*, 843 F.2d 194, 200 (5th Cir. 1988); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). The court should balance any undue burden that discovery would impose against any prejudice that a stay of discovery would cause. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000). The party opposing the stay may demonstrate prejudice by showing that it needs particular discovery to respond to a dispositive motion or that discoverable information may be lost during the pendency of the stay. *See Clinton*, 520 U.S. at 707-08; *Weldon v. Ramstad-Hvass*, 512 F. App'x 783, 797 (10th Cir. 2013).

As argued in Defendant's Motion to Stay, "[t]his case is the third in a series of cases filed by [Plaintiff] in as many years (not including appeals from the dismissal of each of his prior claims)." [Doc. 21, p. 2]. In each, Plaintiff has asserted numerous accusations against Defendant's attorney, the Office of the United States Attorney, and the Court. [*Id.*]. According to Defendant, "Plaintiff's

frequent and duplicative filings have exceeded the scope of the issues before the Court, exceeded the page limits allowed by the local rules, and placed undue hardship on the Court and Defendant." [*Id.*]. A stay of discovery in this case ensures "that the initial proceedings and discovery, if any, is narrowly tailored to the properly exhausted and surviving claims in this case." [*Id.*].

In moving to end the stay, Plaintiff does not argue that additional discovery is necessary to resolve the pending dispositive motions. [Doc. 43, p. 1]. Plaintiff requests the opportunity to conduct additional discovery in the event that he does not prevail on summary judgment. [*Id.*, p. 2]. While Plaintiff discusses discovery that *could* be conducted if he does not prevail on summary judgment, he does not argue or demonstrate that prejudice will result if the stay is continued while the dispositive motions are pending. [*See generally* Doc. 40; Doc. 43].

As judicial economy is served by narrowly tailoring discovery to any surviving claims in this case and no prejudice to Plaintiff has been shown, I recommend that Plaintiff's Motions to end the stay of discovery be denied.

### III. RECOMMENDATION

For the foregoing reasons, the I recommend that:

(1) Defendant's *Motion for Summary Judgment and Supporting Memorandum* [Doc. 20] be GRANTED;

(2) Plaintiff's *Motion for Summary Judgment -1, in conjunction with 18 USC § 1512* [Doc. 29] and Plaintiff's *Motion for Summary Judgment – 2, Merits of the Case and Civil Misconduct, US Attorney's Office* [Doc. 34] be DENIED;

(3) Plaintiff's *Motion for Sanctions* [Doc. 39] be DENIED;

(4) Plaintiff's *Request for a Meeting* [Doc. 14]; Plaintiff's *Request for a Hearing* [Doc. 16]; Plaintiff's *Request for Preliminary Hearing* [Doc. 26]; and Plaintiff's *Renewed Motion Requesting a Meeting* [Doc. 45] be DENIED; and

(5) Plaintiff's *Motion to End Stay of the Discovery Process* [Doc. 40] and Plaintiff's *Motion to End Stay of the Discovery Process - Second Request* [Doc. 43]; be DENIED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**