# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

        Plaintiff,

vs.

No. CIV 19-00477 JB\JHR

ALEX AZAR,
Department of Health and Human Services,

        Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Request for a Meeting, filed July 1, 2019 (Doc. 14); (ii) the Plaintiff's Request for a Hearing, filed July 24, 2019 (Doc. 16); (iii) the Defendant's Motion for Summary Judgment and Supporting Memorandum, filed August 5, 2019 (Doc. 20)("Azar MSJ"); (iv) the Plaintiff's Request for Preliminary Hearing, filed August 9, 2019 (Doc. 26); (v) the Plaintiff's Motion for Summary Judgment - 1, in conjunction with 18 USC § 1512, filed August 19, 2019 (Doc. 29)("MSJ"); (vi) the Plaintiff's Motion for Summary Judgment - 2, Merits of the Case and Civil Misconduct, US Attorney's Office, filed September 11, 2019 (Doc. 34)("2d MSJ"); (vii) the Plaintiff's Motion for Sanctions, filed September 30, 2019 (Doc. 39); (viii) the Plaintiff's Motion to End Stay of the Discovery Process, filed October 4, 2019 (Doc. 40); (ix) the Plaintiff's Motion to End Stay of the Discovery Process - Second Request, filed October 22, 2019 (Doc. 43); (x) Plaintiff's Renewed Motion Requesting a Meeting, filed November 8, 2019 (Doc. 45); (xi) the Magistrate Judge's Proposed Findings and Recommended Disposition filed January 21, 2020 (Doc. 48)("PFRD"); and (xii) the Petitioner's Response with Objections to the Magistrate Judge's PFRD, filed February 11, 2020 (Doc. 51)("Objections"). The

primary issue is whether the Court should sustain Plaintiff John Paul Jones' objections to the PFRD. The Court, having reviewed the PFRD and Jones' Objections, concludes that the Objections do not have a sound basis in law or material fact, overrules the Objections, and adopts the PFRD in full.

## FACTUAL AND PROCEDURAL BACKGROUND

In September, 2016, the Centers for Disease Control ("CDC"), a division of the United States Department of Health & Human Services ("HHS"), issued a job announcement to create a pool of applicants for Public Health Advisor positions with the CDC in various overseas locations. See Declaration of Trevino Henderson ¶¶ 1-12, at 1-3 (taken July 26, 2019), filed August 5, 2019 (Doc. 20-1)("Henderson Decl."). In response, Jones, who was seventy years old at the time, submitted an online application. See Henderson Decl. ¶ 2, at 1. Subsequently, the Division of Global HIV and TB[1] submitted three job requisitions to the CDC to fill Public Health Advisor positions in Mozambique, Ethiopia, and Botswana. See Henderson Decl. ¶ 2, at 1. The three requisitioned Public Health Advisor positions required one year of specialized experience including "experience providing management and operations or technical advice and assistance in the management and implementation of public programs" as well as direct work experience or expertise in HIV/AIDS, infectious diseases, and TB. Henderson Decl. ¶¶ 2-3, at 1-2. A human resources specialist with the CDC, Trevino Henderson, reviewed Jones' application for each of the requisitioned Public Health Advisor positions. See Henderson Decl. ¶¶ 6, 9, at 2-3.

Jones has extensive experience in healthcare-related positions, including service in the United States Army as a medical corpsman, seven years as an administrator and vice-president of

---

[1]"TB" is the common abbreviation for "tuberculosis." HIV stands for human immunodeficiency virus.

operations at Nursecare International, and over twenty years' employment as a Senior Management Consultant and a Senior Advisor at King Faisal Specialist Hospital Research Center in Saudi Arabia.  <u>See</u> Response to Defendant's Motion for Summary Judgment at 27-59, filed August 21, 2019 (Doc. 28).  Despite this experience, Henderson concluded that Jones was not a qualified applicant, because he lacked the required specialized experience and direct work experience or expertise in HIV/AIDS and TB.  <u>See</u> Henderson Decl. ¶ 9, at 3.

According to Henderson, Jones' one-year tour of duty (1968-1969) as a medic in Vietnam, where he treated soldiers for sexually transmitted diseases, predates the onset of the HIV/AIDS epidemic by more than ten years and did not constitute direct work experience and expertise with HIV/AIDS.  <u>See</u> Henderson Decl. ¶ 9, at 2.  Jones' résumé did not indicate that he had direct work experience with TB.  <u>See</u> Henderson Decl. ¶ 9, at 2.  Further, Jones' work experience with other infectious diseases was extremely remote in time  -- more than fifty years prior to his application -- and very limited in scope.  <u>See</u> Henderson Decl. ¶ 9, at 2.  Henderson did not forward Jones' name to the selecting officials for further consideration for any of the three Public Health Advisor positions.  <u>See</u> Henderson Decl. ¶ 10, at 2.  Due to a freeze in federal civilian hiring, no external applicant was selected for any of the three requisitions issued under the Job Announcement.  <u>See</u> Henderson Decl. ¶ 12, at 16.

Jones filed an employment discrimination complaint with HHS alleging age discrimination.  <u>See</u> Formal Complaint of Discrimination in the Federal Government at 1, filed August 5, 2013 (Doc. 20-3).  After an investigation and hearing before an Administrative Law Judge, HHS issued its final decision, in which it concluded that no discrimination occurred.  <u>See</u> Preliminary Response to Order to Show Cause at 80-104, 105-06, filed June 10, 2019 (Doc. 7)("Preliminary Response").  Jones filed this lawsuit on May 23, 2019.  <u>See</u> Complaint for a Civil

Case at 1, filed May 23, 2019 (Doc. 1)("Complaint").  The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered the PFRD on January 21, 2020.  See PFRD at 1.  Jones timely filed his written objections to the PFRD on February 11, 2020, after one extension was granted.  See Objections at 1.  Jones has since submitted four addenda to his written objections.  See Addendum to Response, with Objections, to Proposed Findings and Recommended Disposition of Judge Ritter at 1, filed February 12, 2020 (Doc. 52)("First Addendum"); Second Addendum to Response, with Objections, to Proposed Findings and Recommended Disposition at 1, filed February 19, 2020 (Doc. 53)("Second Addendum"); Third Addendum to Response, with Objections, to Proposed Findings and Recommended Disposition at 1, filed February 28, 2020 (Doc. 54)("Third Addendum"); Fourth Addendum to Response, with Objections, to Proposed Findings and Recommended Disposition at 1, filed March 17, 2020 (Doc. 55)("Fourth Addendum").

### LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, [2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The United States Court of Appeals for the Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." One Parcel, 73 F.3d at 1059 (citations and quotations omitted).  In addition

---

[2]Congress enacted the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, in 1968.

to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007) (unpublished).[3]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review

---

[3]Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007) is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana and Martinez v. Blackburn, 325 F. App'x 671, 673-74 (10th Cir. 2009), have persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while

"[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In <u>One Parcel</u>, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  <u>See</u> 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  <u>United States v. Raddatz</u>, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."  <u>United States v. Raddatz</u>, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report.  <u>In re Griego</u>, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  <u>Gee v. Estes</u>, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony."

Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. . . .  Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.  We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's PFRD, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676)(emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

## ANALYSIS

Contrary to Jones' objections,[4] the Court concludes that the Magistrate Judge appropriately found that: (i) Azar is entitled to summary judgment and, conversely, Jones cannot prevail on

---

[4]The Court does not address the four addenda to Jones' written objections because they were not timely filed and do not inform this Court's review of the Magistrate Judge's PFRD. Jones' written objections were due February 11, 2020. See Minute Order, filed January 28, 2020 (Doc. 49); Order at 1, filed February 7, 2020 (Doc. 50). The addenda were filed: February 12, 2020, see First Addendum at 1; February 19, 2020, see Second Addendum at 1; February 28, 2020, see Third Addendum at 1; and March 17, 2020, see Fourth Addendum at 1. Even if the addenda had been timely filed, they do not include any objections or arguments not addressed in this Memorandum Opinion and Order. The first addendum pertains to the obituary of Ted Martin Williamson, whom Jones considered a friend. See First Addendum at 2. The second addendum pertains to an article titled State-federal Task Forces are out of Control, which was published February 14, 2020, in the Washington Post. See generally Second Addendum. The third addendum pertains to an article titled, U.S. Health Workers Responding to Coronavirus Lacked Training and Protective Gear, Whistle-Blower Says, which was published on February 27, 2020, and updated on February 28, 2020. See Third Addendum at 1. The Fourth Addendum pertains to the current coronavirus pandemic. See Fourth Addendum at 1 ("It is no exaggeration to say that we are living in a truly different world from when the third addendum was filed on February 28th, less than three weeks ago" (emphasis omitted)). As Magistrate Judge Ritter did not review or rely on these materials, they do not bear on the propriety of Magistrate Judge Ritter's proposed findings and recommendations and are not properly considered here. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th

summary judgment, because Jones has not adduced direct or circumstantial evidence of age discrimination, see Objection at 7-8, 12-22; (ii) Jones' allegations of misconduct are not grounds to grant summary judgment in his favor, see Objections at. 2-6, 9-10; (ii) Jones has not demonstrated that sanctions are warranted, see Objections at 7-8; and (iv) Jones has not demonstrated that a hearing or additional discovery is necessary to resolve the pending motions in this case. Accordingly, the Court adopts the PFRD, grants Azar's motion for summary judgment, and denies Jones' motions for summary judgment, motion for sanctions, and remaining motions related to requests for hearings and the stay of discovery.

## I.  AZAR IS ENTITLED TO SUMMARY JUDGMENT ON JONES' AGE DISCRIMINATION CLAIM AND JONES IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS AGE DISCRIMINATION CLAIM DUE TO A LACK OF DIRECT OF CIRCUMSTANTIAL EVIDENCE OF DISCRIMINATION.

"Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Weigel v. Broad, 544 F.3d 1143, 1150-51 (10th Cir. 2008)(alteration, internal quotation marks and citation omitted); Fed. R. Civ. P. 56(c). Under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 ("ADEA"), it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To survive summary judgment and prevail on his discrimination claim, Jones must present either direct evidence of HHS' discriminatory intent or circumstantial evidence of intentional

---

Cir. 2001)("In th[e Tenth C]ircuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

discrimination.  See Roberts v. Int'l Bus. Machs. Corp., 733 F.3d 1306, 1309 (10th Cir. 2013); Jones v. Okla. City Pub. Sch., 617 F.3d 1273, 1278 (10th Cir. 2010).

Jones objects to Magistrate Judge Ritter's conclusion that evidence related to the World Health Organization's ("WHO") mandatory retirement age is not direct evidence of age discrimination against Jones.  See Objections at 7-8.  "Direct evidence is evidence from which the trier of fact may conclude, without inference, that the employment action was undertaken because of the employee's protected status."  Sanders v. Sw. Bell Tel., L.P., 544 F.3d 1101, 1105 (10th Cir. 2008).  Direct evidence of age discrimination exists where, for example, an employer maintains a policy that is discriminatory on its face.  See Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 121 (1985).  "Usually . . . a plaintiff will not have direct evidence of discrimination and will establish [his or] her claims through circumstantial evidence.  In that instance, [the court] analyze[s] the plaintiff's claims under the McDonnell Douglas framework to determine whether the defendant is entitled to summary judgment."  Sanders v. Sw. Bell Tel., L.P., 544 F.3d at 1105.

Here, Jones asserts that 2013 testimony by Carla Boudreau -- a senior hiring authority in the CDC -- before the Merit Systems Protection Board regarding Jones' allegations that his veteran's preference rights had been violated in the application process for two positions not at issue in this case, and statements contained in Boudreau's 2016 declaration summarizing that testimony, constitute direct evidence of age discrimination in the present case.  See Objection at 7-8.  Specifically, Jones points to Boudreau's testimony that applicants for WHO positions within the CDC are required to meet both CDC and WHO eligibility guidelines and are subject to all WHO policies, including a mandatory retirement age of 62.  See Preliminary Response at 77.  Jones asserts that this testimony constitutes direct evidence that HHS and the CDC discriminated against him because of his age.  See Objections at 7-8.

The Court and the Tenth Circuit have rejected this argument in earlier, similar cases that Jones brought, in which courts have held have that Boudreau's testimony regarding the WHO mandatory retirement age's applicability to applicants for overseas CDC positions is not direct evidence of age discrimination where the positions at issue are domestic or do not involve a detail to the WHO. See Jones v. Azar (Jones II), 772 F. App'x 692, 695-98 (10th Cir. 2019)(unpublished); Jones v. Price (Jones I), 695 F. App'x 374, 376 (10th Cir. 2017)(per curiam)(unpublished); Jones v. Azar, No. CIV 17-0970 JB/KK, 2018 WL 3207122, at *4 (D.N.M. June 30, 2018)(Browning, J.), aff'd, 772 F. App'x 692 (10th Cir. 2019); Jones v. Burwell, No. 15 CV 594 JAP/LF, 2016 WL 9443730, at *3 (D.N.M. Sept. 29, 2016)(Parker, J.). Here, the requisitioned Public Health Advisor positions for which Jones applied did not involve a detail to the WHO. See Azar MSJ at 2. Accordingly, Magistrate Judge Ritter determined correctly that Boudreau's testimony is not direct evidence of discrimination in this case.

Absent direct evidence of age discrimination, ADEA claims are reviewed under the burden-shifting framework described in McDonnell Douglas v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas v. Green burden-shifting framework, a plaintiff alleging discrimination in a failure to hire case has the initial burden on summary judgment of demonstrating a prima facie case of discrimination. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). To meet this burden, the plaintiff must produce evidence sufficient for a reasonable jury to conclude the plaintiff "applied for an available position for which she was qualified but was rejected under circumstances which give rise to an inference of unlawful discrimination." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 253. If the plaintiff makes this initial showing, the burden shifts to the employer to articulate a nondiscriminatory reason for not hiring the plaintiff. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 252-53. If the

employer does so, then the burden shifts back to the plaintiff to produce sufficient evidence for a reasonable jury to conclude the defendant's proffered rationale is pretextual. See Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. at 252-53.

To establish a prima facie case of age discrimination in the failure to hire context, Jones must show that: (i) he "belongs to a protected class"; (ii) he "applied and was qualified for a job for which the employer was seeking applicants"; (iii) "despite being qualified, [he] was rejected"; and (iv) after his "rejection, the position remained open and the employer continued to seek applicants from persons of [Jones'] qualifications." Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000)(internal quotation marks omitted). See McDonnell Douglas v. Green, 411 U.S. at 802.

Jones objects to Magistrate Judge Ritter's conclusion that Jones failed to make out a prima facie case of age discrimination, because Jones failed to show that he was qualified for the Public Health Advisor positions at issue and, even if Jones had made out a prima facie case of age discrimination, his claim does not succeed, because of his inability to show that the proffered reason for not hiring him was pretextual. See Objections at 12-16. Regarding his qualifications, Jones argues that the experience described in his thirty-nine-page résumé, specifically the more than twenty years' experience at the King Faisal Specialist Hospital, was sufficient to satisfy one year of specialized "experience providing management and operations or technical advice and assistance in the management and implementation of public programs," as the Job Announcement required. Listing, Public Health Advisor (Management & Operations or Technical at 2-3, filed August 5, 2019 (Doc. 20-1)(Position Listing"). See Objections at 16. Jones does not address Magistrate Judge Ritter's finding that his résumé did not reflect the additional required direct work experience or expertise in HIV/AIDS and TB. Compare Position Listing at 2-3, with Objections

at 16. The record reveals that such experience is not apparent from Jones' application. See Resume and narrative answers of John Paul Jones, modified for HHS, announcement HHS-CDC-OD-16-1782420 at 20-59, filed August 21, 2019 (Doc. 28)("Jones Application").

Jones also points to a 2010 Merit Systems Protection Board decision as evidence that he was qualified for the Public Health Advisor positions. According to Jones, in 2010, the Merit Systems Protection Board determined that HHS had violated veterans' preference regulations, because HHS did not consider Jones' relevant experience in reviewing and, ultimately, not selecting his application. See Preliminary Response at 11-14; Objections at 12-13. Jones relies upon his own account of the Merit Systems Protection Board's ruling without providing a copy of the decision to the Court. See Objections at 12-13. Jones' account alone is not competent evidence for summary judgment purposes. See Fed. R. Evid. 802 (providing the rule against hearsay); Fed. R. Evid. 901 (providing that the proponent must "produce evidence sufficient to support a finding that the item is what the proponent claims it is").[5] More importantly, even if the Court could rely upon Jones' account, Jones does not explain how the decision, which purportedly relates to a position for which he applied in 2009, has any bearing on HHS' determination in this case that

---

[5]Jones' account is hearsay. Hearsay is a statement, other than one the declarant made while testifying at the trial or hearing, offered for the truth of the matter asserted. See Fed. R. Evid. 801. "Hearsay testimony is generally inadmissible." United States v. Christy, No. CR 10-1534, 2011 WL 5223024, at *5 (D.N.M. Sept. 21, 2011)(Browning, J.)(citing Fed. R. Evid. 802). The Court cannot rely on evidence that will not be admissible at trial. See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995)("It is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment. Hearsay testimony cannot be considered because '[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill.'" (alterations in original)(citations omitted)(quoting Thomas v. IBM, 48 F.3d 478, 485 (10th Cir. 1995)). The Court can rely, however, on evidence submitted in a form that would be inadmissible at trial as long as the Court determines that evidence will be presented in an admissible form. See Trevizo v. Adams, 455 F.3d 1155, 1160 (10th Cir. 2006). Jones does not present evidence of the Merit Systems Protection Board's 2010 decision in any admissible form, so the Court does not rely upon Jones' account of the 2010 decision.

Jones lacked the requisite specialized experience and direct work experience or expertise in HIV/AIDS and TB. See Objections at 12-13.

For these reasons, the Court finds no error in Magistrate Judge Ritter's conclusion that Jones did not establish that he was qualified for the Public Health Advisor positions at issue and cannot therefore demonstrate a prima facie case of discrimination. See McDonnell Douglas v. Green, 411 U.S. at 802. Jones' objections on this issue are overruled.

As Magistrate Judge Ritter noted, where a plaintiff has failed to establish a prima facie case of age discrimination under McDonnell Douglas v. Green, summary judgment is appropriate, and the Court need not continue with the burden shifting framework. See Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. at 253. The Court will nonetheless briefly address Jones' objection to the Magistrate Judge Ritter's finding that Jones failed to demonstrate that the proffered reason for not hiring him was pretextual.

To demonstrate pretext, Jones must produce evidence of "such weaknesses, implausibilities, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Lobato v. N.M. Env't Dep't, 733 F.3d 1283, 1289 (10th Cir. 2013). "In determining whether the proffered reason for a decision was pretextual, we examine the facts as they appear to the person making the decision," not "the plaintiff's subjective evaluation of the situation." E.E.O.C. v. C.R. England, Inc., 644 F.3d 1028, 1044 (10th Cir. 2011) "The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." Rivera v. City & Cty. of Denver, 365 F.3d 912, 924-25 (10th Cir. 2004)(internal quotation marks omitted).

Here, in objecting to Magistrate Judge Ritter's finding that Jones has not demonstrated pretext, Jones relies upon ten documents that he claims illustrate "a practice that is endemic in an agency which manipulated the experience requirement to disqualify the qualified in order to hire the weakly qualified." Objections at 13. Jones attaches these documents to his Preliminary Response. See Preliminary Response at 48-152.

Exhibits 6 and 7 appear to be portions of studies by the management consulting company Korn Ferry and by the Merit System Protection Board, which Jones cites for the proposition that a high percentage of federal hiring, and hiring at the CDC specifically, is "accomplished through illegal means" to "hire less qualified or totally unqualified 'friends and relatives.'" Objections at 14 (citing Preliminary Response at 53-55). Exhibits 22, 25, 26, 28, and 29 appear to be emails by CDC employees written between 2010 and 2014 discussing the qualifications of certain job applicants, none of which pertain to Jones or the positions at issue in this case. See Preliminary Response at 128, 135-138, 141-145. Exhibits 23 and 24 are affidavits by Peter Andre and Cynthia Rivera, who reviewed Jones' application materials relative to Public Health Advisor positions in 2010 and 2015 respectively. See Preliminary Response at 129-134. According to Jones, these affidavits demonstrate a failure to recognize or acknowledge his qualifications for the positions for which he had applied. See Objections at 12. Exhibit 27 is purportedly an eligibility rating sheet for a candidate for a Public Health Advisor position advertised in 2010, who Jones claims was improperly identified as qualified for the position. See Objections at 13 (citing Preliminary Response at 139).

As Magistrate Judge Ritter noted, many of these exhibits appear to be incomplete and none of them has been authenticated, which precludes their consideration on summary judgment. See Brown v. Perez, 835 F.3d 1223, 1232 (10th Cir. 2016)("To determine whether genuine issues of

material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." (internal quotation marks and citation omitted)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995)("It is well settled in this circuit that we can consider only admissible evidence in reviewing . . . summary judgment.").

Even if the Court considered the exhibits, however, and concluded that the exhibits demonstrate that HHS had minimized, overlooked, mischaracterized, or omitted qualifying experience of applicants, including Jones, for other job vacancies, this would not create a genuine issue of material fact as to pretext in the instant case. The relevant inquiry with regard to pretext "is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." Lobato v. N.M. Env't Dep't, 733 F.3d at 1289. Jones' Exhibits 6-7 and 22-29 do not relate to Henderson's review of Jones' application for the Public Health Advisor positions and do not give rise to genuine issues of material fact as to whether Henderson honestly believed that Jones was not qualified for those positions, or whether the purported reason for not hiring Jones was pretextual.

To the extent that Jones suggests that Magistrate Judge Ritter erred by not considering the veracity of the "Agency personnel's"[6] statements, this argument is without merit for the same reason. Objections at 18. Any alleged actions by personnel reviewing Jones' prior applications or by personnel involved in entirely unrelated hiring decisions do not bear upon the actions that Henderson took in his review of Jones' application for the Public Health Advisor positions at issue in this case. For the foregoing reasons, the Court overrules Jones' objections to Magistrate Judge Ritter's conclusion that summary judgment in Azar's favor is appropriate.

---

[6]The Court understands Jones to be referring to HHS or CDC personnel.

**II.     JONES' ALLEGATIONS OF MISCONDUCT BY THE UNITED STATES ATTORNEY'S OFFICE ARE NOT GROUNDS FOR RELIEF ON JONES' ADEA CLAIM.**

In his first Motion for Summary Judgment, Jones requests that the Court decide his ADEA claim in his favor, because he alleges that the United States Attorney's office and certain law enforcement agencies violated 18 U.S.C. § 1512.  See MSJ at 1-2, 19-20, 24, 27, 20-31.  Magistrate Judge Ritter concluded that Jones lacked standing to seek civil redress under § 1512, a criminal statute which does not provide a private right of action.  See PFRD at 14.  Magistrate Judge Ritter also noted that, even if Jones could seek redress under § 1512, the United States Attorney's Office's alleged violations would not be grounds for summary judgment on Jones' ADEA claim. See PFRD at 14-15.

Jones objects, asserting that Magistrate Judge Ritter has constructed a "straw man" argument regarding § 1512.  Objections at 4-5.  This objection does not, however, provide a specific basis for relief.  Moreover, the objection does not specifically address the legal or factual bases for Magistrate Judge Ritter's conclusion and does not provide enough detail to alert the Court to the disputed factual and legal issues.  This purported objection is therefore insufficient to preserve the issue for de novo review.  See One Parcel, 73 F.3d at 1060 (holding that an objection must be sufficient to focus the Court on the factual and legal issues actually in dispute to avoid waiver of the objection).

Jones also suggests that Magistrate Judge Ritter had a duty to take necessary action to "ensure that egregious misconduct does not occur in legal proceedings before him."  Objections at 4.  Jones offers no factual or legal support for this proposition.  Importantly, all the misconduct

that Jones alleges, except one alleged dishonest statement in Azar's Response to Plaintiff's second summary judgment motion,[7] occurred in 2016 and 2017, before this lawsuit's inception, and is unrelated to the facts and proceedings in this case. See Preliminary Response at 35-36, 42-43; MSJ at 1-27; Objections at 2-5, 10. For these reasons, the Court finds no error in Magistrate Judge Ritter's findings on this issue and will overrule Jones' objections.

## III. SANCTIONS AGAINST THE ASSISTANT UNITED STATES ATTORNEY ARE NOT WARRANTED.

Under rule 11, attorneys and pro se parties may be sanctioned for presenting a motion or argument to the Court that is frivolous, legally unreasonable, without evidentiary foundation, or brought for an improper purpose. See Fed. R. Civ. P. 11(b) and (c). In this case, Jones moved for sanctions based on a statement contained in Azar's Response to the 2d MSJ. See Motion for Sanctions at 1, filed September 30, 2019 (Doc. 39)(citing Response to Plaintiff's Motion for Summary Judgment-2 at 4-5, filed September 25, 2019 (Doc. 38)("2d MSJ Response"). As Magistrate Judge Ritter noted, Jones' request for sanctions centered around Undisputed Material Fact 36 in his 2d MSJ, and Azar's dispute of that asserted fact. See Motion for Sanctions at 1-2. Jones' Undisputed Material Fact 36 states in pertinent part, that "Ms. Carla Boudreau admitted to the illegal policy of age discrimination before the [Merit Systems Protection Board]." 2d MSJ at 14. Azar's response states in pertinent part:

> [Undisputed Material Fact] 36 is disputed because it misstates Ms. Boudreau's prior testimony. At no time did Ms. Boudreau admit that HHS has an illegal policy of age discrimination. On the contrary, she testified that the CDC does not discriminate against applicants on the basis of age for positions based in the United States, or otherwise, in compliance with the [ADEA].

---

[7]This incident of alleged dishonesty was the subject of Jones' request for sanctions and is addressed in the following section.

2d MSJ Response 4-5 (citing Declaration of Carla Boudreau (taken June 8, 2016), filed June 10, 2019 (Doc. 7-16)("Boudreau Decl.").

Jones does not dispute that Ms. Boudreau testified that the CDC does not discriminate against applicants on the basis of age for positions based in the United States, or otherwise, in compliance with the ADEA. See Motion for Sanctions at 4. Rather, he points to Boudreau's testimony that: (i) applicants for WHO positions within the CDC are required to meet both CDC and WHO eligibility guidelines, and are subject to all WHO policies, including a mandatory retirement age of 62, see Motion for Sanctions at 2; Objections at 7; and (ii) "'otherwise qualified candidates' had been rejected solely on the basis of age," Motion for Sanctions at 4. See Objections at 7-8. Jones' argues that this testimony's omission from Azar's 2d MSJ Response constitutes a lack of candor. See Motion for Sanctions at 4; Objections at 7-8.

As discussed, both in this Memorandum Opinion and Order and elsewhere, Boudreau's testimony is not evidence of an illegal policy of age discrimination. See Jones II, 772 F. App'x at 695-98; Jones I, 695 F. App'x at 376; Jones v. Azar, No. CIV 17-0970 JB/KK, 2018 WL 3207122, at *4 (D.N.M. June 30, 2018); Jones v. Burwell, No. 15 CV 594 JAP/LF, 2016 WL 9443730, at *3 (D.N.M. Sept. 29, 2016). Consequently, the Court sees no error in Magistrate Judge Ritter's conclusion that sanctions are not warranted, because Azar's dispute of Jones' Undisputed Material Fact 36 is not "frivolous, legally unreasonable, [or] without evidentiary foundation." See Fed. R. Civ. P. 11(b). Jones' objection on this issue is overruled.

IV. **MAGISTRATE JUDGE RITTER CORRECTLY DETERMINED THAT DISCOVERY AND HEARINGS ARE NOT NECESSARY TO RESOLVE THE PENDING DISPOSITIVE MOTIONS.**

Jones does not pose direct objections to Magistrate Judge Ritter's conclusions that the parties' written submissions are sufficient to inform the Court's disposition of the pending motions

in this case and that good cause exists to stay discovery during the pendency of the dispositive motions.  See PFRD at 17-19; Objections at 4, 21.  Therefore, any such objections may be deemed waived.  See One Parcel, 73 F.3d at 1060 (holding that an objection must be sufficient to alert the Court to the factual and legal issues actually in dispute to avoid the objection's waiver).  Nonetheless, the Court finds no error in Magistrate Judge Ritter's findings that Jones has not articulated how a meeting with the presiding judge or a preliminary hearing would assist the Court in its disposition of the pending motions or how continuing the stay of discovery pending that disposition would prejudice Jones.  See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000)(recognizing that cross-motions for summary judgment entitle the Court "to assume that no evidence needs to be considered other than that filed by the parties."); Martinez v. Blackburn, 325 F. App'x 671, 673-74 (10th Cir. 2009)(unpublished)("The propriety of deciding a case by summary judgment, and doing so without a hearing, are well-established judicial procedures.").

To the extent that Jones argues that he should be given the opportunity to briefly present his case and have a judge assess his credibility, the Court notes that the disputed issues in this case do not turn on Jones' credibility, but rather, on the questions of fact and law presented in the parties' submissions and evidence.  Further, the Court may not consider issues of credibility in deciding summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985).  Therefore, the Court overrules this objection.

**IT IS ORDERED** that: (i) the Plaintiff's Request for a Meeting, filed July 1, 2019 (Doc. 14), is denied; (ii) the Plaintiff's Request for a Hearing, filed July 24, 2019 (Doc. 16), is denied; (iii) the Defendant's Motion for Summary Judgment and Supporting Memorandum, filed August 5, 2019 (Doc. 20), is granted; (iv) the Plaintiff's Request for Preliminary Hearing, filed

August 9, 2019 (Doc. 26), is denied; (v) the Plaintiff's Motion for Summary Judgment - 1, in conjunction with 18 USC § 1512, filed August 19, 2019 (Doc. 29), is denied; (vi) the Plaintiff's Motion for Summary Judgment - 2, Merits of the Case and Civil Misconduct, US Attorney's Office, filed September 11, 2019 (Doc. 34), is denied; (vii) the Plaintiff's Motion for Sanctions, filed September 30, 2019 (Doc. 39), is denied; (viii) the Plaintiff's Motion to End Stay of the Discovery Process, filed October 4, 2019 (Doc. 40), is denied; (ix) the Plaintiff's Motion to End Stay of the Discovery Process - Second Request, filed October 22, 2019 (Doc. 43), is denied; (x) Plaintiff's Renewed Motion Requesting a Meeting, filed November 8, 2019 (Doc. 45), is denied; and (xi) the Petitioner's Response with Objections to the Magistrate Judge's PFRD, filed February 11, 2020 (Doc. 51)("Objections"), are overruled. The Court accordingly dismisses this case with prejudice. The Court will issue a separate Order entering Final Judgment in this matter.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

John Paul Jones
Albuquerque, New Mexico

     *Plaintiff pro se*

John C. Anderson
  United States Attorney
Erin Langenwalter
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Defendant*