## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

      Plaintiff,

vs.                                                                       No CIV 19-0477 JB\JHR

ALEX AZAR,
Department of Health and Human Services,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Plaintiff's Request for Meeting to Review

the Proposed Findings and Recommended Disposition, filed June 11, 2020 (Doc. 59)("Motion").

The Court, having reviewed the Plaintiff John Paul Jones' filing, construes it as a motion for relief

from a judgment or order under rule 60(b) of the Federal Rules of Civil Procedure.  Because the

Motion does not comply with the local procedural rules for this District and states no legal basis

for relief from the Court's judgment, the Court will deny the requested relief.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This case arises from Jones' September, 2016, application to serve as a Public Health

Advisor for the United States Centers for Disease Control and Prevention ("CDC"), a division of

the United States Department of Health & Human Services ("HHS"), in various overseas locations.

Declaration of Trevino Henderson at 1, 5 (executed July 26, 2019), filed August 5, 2019 (Doc. 20-

1)("Henderson Decl.").  Jones was not selected to fill any of the vacant Public Health Advisor

positions and, thereafter, filed a complaint for employment discrimination with HHS.  <u>See</u> Formal

Individual Complaint Form for Employment Discrimination at 1, filed August 5, 2019 (Doc. 20-

3)("Administrative Claim").  After an investigation and hearing before an Administrative Law

Judge, HHS issued its final decision finding no discrimination.  See Order on Cross Summary Judgment Motions and Motion to Compel at 1-2, filed June 10, 2019 (Doc. 7-18); Final Administrative Order at 1-2, filed June 10, 2019 (Doc. 7-19).  The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, filed Proposed Findings and Recommended Disposition recommending that the Court grant summary judgment against Jones' claims and deny Jones' multiple requests for hearings and meetings with the judges assigned to the case.  See Proposed Findings and Recommended Disposition at 1-3, filed January 21, 2020 (Doc. 48)("PFRD").

On March 20, 2020, the Court entered a Memorandum Opinion and Order adopting Magistrate Judge Ritter's PFRD, granting summary judgment in Defendant Secretary of the United States Department of Health & Human Services Alex Azar's favor, and denying Jones' sanctions, discovery, and hearings requests.  See Memorandum Opinion and Order at 1-2, 22-23, filed March 20, 2020 (Doc. 57)("MOO").

In ruling on Jones' multiple requests for meetings with the Court, which would have allowed Jones to avoid the requirements and safeguards of the Federal Rules of Civil Procedure, the Court found "no error in Magistrate Judge Ritter's findings that Jones has not articulated how a meeting with the presiding judge or a preliminary hearing would assist the Court in its disposition of the pending motions."  MOO at 22.  See Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000)(recognizing that cross-motions for summary judgment entitle the Court "to assume that no evidence needs to be considered other than that filed by the parties"); Martinez v. Blackburn, 325 F. App'x 671, 673-74 (10th Cir. 2009)[1]("The propriety of deciding a

_____

[1] Martinez v. Blackburn is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R.

case by summary judgment, and doing so without a hearing, are well-established judicial procedures.").  The Court also rejected Jones' argument that he should be given the opportunity to briefly present his case and have a judge assess his credibility, because the disputed issues in the case did not turn on Jones' credibility, but rather on the questions of fact and law presented in the parties' submissions and evidence, and because the Court may not consider issues of credibility in deciding summary judgment.  See MOO at 22 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985)).

Consistent with the MOO and pursuant to rule 58 of the Federal Rules of Civil Procedure, the Court entered Final Judgement on March 20, 2020, and dismissed this case with prejudice.  See Final Judgment at 1, filed March 20, 2020 (Doc. 58).  Jones did not appeal the judgment and the time to do so has expired.  See Fed. R. App. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."); Fed. R. App. P. 4(a)(1)(B) (providing that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order

---

32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").  The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished opinions are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).  The Court finds that Martinez v. Blackburn, DuHall v. Lennar Family of Builders, and Pyeatt v. Does have persuasive value with respect to material issues and will assist the Court in its preparation of this Memorandum Opinion and Order.

appealed from [where] one of the parties is a United States officer or employee sued in an official capacity").

Jones did not file a timely request for reconsideration or notice of appeal but, on June 11, 2020, he asked to meet with the Court to review the PFRD.  See Motion at 1-2.  In the Motion and an eight-page letter to Magistrate Judge Ritter dated May 30, 2020, attached thereto, Jones reargues his civil case's merits and asserts that the United States should employ his skills and experience to battle the COVID-19 pandemic.  See Motion at 1-3.  Jones contends that, due to COVID-19's spread since the filing of Magistrate Judge Ritter's PFRD in January, 2020, "[a] proper re-evaluation of the Proposed Findings should be conducted, in light of the massive amount of new evidence not available at the time it was originally issued, in particular how damaging the use of [Prohibited Personnel Practices] can be to the Agency's ability to perform its mission."  Motion at 10.  In closing, Jones states:

> I request a meeting with the Court, as well as the representatives of the US Attorney's office, the NM State Police and the US Marshal Service so that prior actions can be reviewed with the objective that proper and constructive action will be taken to end unlawful age discrimination, particularly since the United States now refuses to work with [the World Health Organization] and to end the use of [Prohibited Personnel Practices] at the Agency that have so contributed to the current death toll.  In addition, the proper place to review misconduct within the law enforcement function is within a structured process of law, and not in the streets, in violent confrontation with those some elements, as is being done as I write this request.
>
> The life any of us might save might literally be our own, or a member of our family.  Thank you for your favorable consideration of this request.

Motion at 11.

While Jones did not style his Motion as one for reconsideration under rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, it is clear from his filing that he seeks reconsideration of the Court's dismissal of his claims with prejudice.  Secretary Azar has not responded to the request

and, under the local rules of civil procedure, a failure to timely respond to a motion "constitutes consent to grant the motion."   D.N.M.LR-Civ. 7.1(b).   While this failure to respond would ordinarily allow the Court to grant the relief that Jones requests, the Local Rules may be waived "to avoid injustice."  D.N.M.LR-Civ. 1.7.   Therefore, the Court will proceed to address Jones' request on the merits to determine whether he raises legally sufficient grounds for reconsideration. See Hernandez v. George, 793 F.2d 264, 267 (10th Cir. 1986)("[A]lthough district judges must follow local rules when adherence furthers the policies underlying the rules, they have discretion in applying and interpreting local rules.").

### LAW REGARDING MOTION TO ALTER OR AMEND UNDER RULE 59(E)

Motions to reconsider in civil cases fall into three categories:

(i)      a motion to reconsider filed within twenty-eight[2] days of the entry of judgment is treated as a motion to alter or amend the judgment under rule 59(e); (ii) a motion to reconsider filed more than [twenty-eight] days after judgment is considered a motion for relief from judgment under rule 60(b); and (iii) a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion.

---

[2]Former rule 59 provided for a ten-day period after entry of judgment to file motions to reconsider.  In 2009, the rule was amended, extending the filing period to twenty-eight days:

Experience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays. These time periods are particularly sensitive because Appellate Rule 4 integrates the time to appeal with a timely motion under these rules. Rather than introduce the prospect of uncertainty in appeal time by amending Rule 6(b) to permit additional time, the former 10-day periods are expanded to 28 days.

Fed. R. Civ. P. 59 advisory committee's notes.

Pedroza v. Lomas Auto Mall, Inc., 258 F.R.D. 453, 462 (D.N.M. 2009)(Browning, J.)(citing Price v. Philpot, 420 F.3d 1158, 1167 & n.9 (10th Cir. 2005)). See Computerized Thermal Imaging, Inc. v. Bloomberg. L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

Whether a motion for reconsideration should be considered a motion under rule 59 or rule 60 is not only a question of timing, but also "depends upon the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011). Where the motion "involves 'reconsideration of matters properly encompassed in a decision on the merits,'" a court considers the motion under rule 59(e). Phelps v. Hamilton, 122 F.3d 1309, 1323-24 (10th Cir. 1997)(quoting Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir. 1989)). In other words, if the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints. See Phelps v. Hamilton, 122 F.3d at 1324. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend under rule 59(e), however, is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d at 1012. A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d at 1324.

The United States Court of Appeals for the Tenth Circuit reviews a district court's ruling on a motion to alter or amend "under an abuse of discretion standard." Phelps v. Hamilton, 122 F.3d at 1324. Under that standard "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or

exceeded the bounds of permissible choice in the circumstances." Phelps v. Hamilton, 122 F.3d at 1324. "The purpose [of a rule 59(e)] motion is to correct manifest errors of law or to present newly discovered evidence." Monge v. RG Petro-Machinery (Group) Co. Ltd., 701 F.3d 598, 611 (10th Cir. 2012)(internal quotation marks omitted)(quoting Webber v. Mefford, 43 F.3d 1340, 1345 (10th Cir. 1994)). "Where the motion requests a substantive change in the district court's judgment or otherwise questions its substantive correctness, the motion is a Rule 59 motion, regardless of its label." Yost v. Stout, 607 F.3d 1239, 1243 (10th Cir. 2010).

The Tenth Circuit has determined that the "law of the case doctrine has no bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another." Rimbert v. Eli Lilly & Co., 647 F.3d 1247, 1252 (10th Cir. 2011)(citing Been v. O.K. Indus., Inc., 495 F.3d 1217, 1225(10th Cir. 2007). In this context, "the doctrine is merely a 'presumption, one whose strength varies with the circumstances.'" Been v. O.K. Indus., Inc., 495 F.3d at 1225 (quoting Avitia v. Metro. Club of Chi., Inc., 49 F.3d 1219, 1227 (7th Cir. 1995)). "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders." Been v. O.K. Indus., 495 F.3d at 1225. In short, a district court can use whatever standard it wants to review an earlier interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether.

The best approach, in the Court's eyes, is to analyze motions to reconsider differently depending on three factors. Cf. Been v. O.K. Indus., Inc., 495 F.3d at 1225 ("[T]he doctrine is merely a 'presumption, one whose strength varies with the circumstances.'")(quoting Avitia v. Metro. Club of Chi., Inc., 49 F.3d at 1227). First, the Court should restrict its review of a motion

to reconsider a prior ruling in proportion to how thoroughly the earlier ruling addressed the specific findings or conclusions that the motion to reconsider challenges.  How "thoroughly" a point was addressed depends both on the amount of time and energy the Court spent on it, and on the amount of time and energy that the parties spent on it -- in briefing and orally arguing the issue, but especially if they developed evidence on the issue.  A movant for reconsideration thus faces a steeper uphill challenge when the prior ruling was on a criminal suppression motion, class certification motion, or preliminary injunction,[3] than when the prior ruling is, e.g., a short discovery ruling.  The Court should also look, not to the prior ruling's overall thoroughness, but to the thoroughness with which the Court addressed the exact point or points that the motion to reconsider challenges. A movant for reconsideration thus faces an easier task when he or she files a targeted, narrow-in-scope motion asking the Court to reconsider a small, discrete portion of its prior ruling than when he or she files a broad motion to reconsider that rehashes the same arguments from the first motion, and essentially asks the Court to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence.

---

[3]The Court typically makes findings of fact and conclusions of law in ruling on these motions.  At first glance, it appears that the Federal Rules of Civil Procedure set forth additional standards -- beyond that which applies to other interlocutory orders -- for amending findings of fact and conclusions of law: "Amended or Additional Findings.  On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings -- or make additional findings -- and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59."  Fed. R. Civ. P. 52(b).  This rule appears to limit motions to reconsider orders with findings of fact and conclusions of law to twenty-eight days.  The rule's use of the term "entry of judgment," its reference to rule 59, and its adoption of the same time period that applies to motions to alter or amend a judgment, all lead the Court to conclude, however, that rule 52(b) -- and its twenty-eight-day time limit -- does not apply to interlocutory orders.  The time limit applies only to findings of fact and conclusions of law supporting a case-ending judgment -- such as those entered after a bench trial -- and to those giving rise to an interlocutory appeal that, if filed, divests the district court of its jurisdiction -- such as those entered in support of a preliminary injunction

Second, the Court should consider the case's overall progress and posture, the motion for reconsideration's timeliness relative to the ruling it challenges, and any direct evidence that the parties may produce, and use those factors to assess the degree of reasonable reliance which the opposing party has placed in the Court's prior ruling. See 18B Charles Alan Wright, et al., Federal Practice & Procedure § 4478.1 (2d ed. 2018)("Stability becomes increasingly important as the proceeding nears final disposition. . . .  Reopening should be permitted, however, only on terms that protect against reliance on the earlier ruling.").  For example, if a defendant (i) spends tens of thousands of dollars removing legacy computer hardware from long-term storage; then (ii) obtains a protective order in which the Court decides that the defendant need not produce the hardware in discovery; then (iii) returns the hardware to long-term storage, sustaining thousands more in expenses; and (iv) several months pass, then the plaintiffs should face a higher burden in moving the Court to reconsider its prior ruling than they faced in fighting the motion for protective order the first time.

Third, the Court should consider the factors from Servants of the Paraclete v. Does.  The Court should be more inclined to grant motions for reconsideration if the movant presents (i) new controlling authority -- especially if the new authority overrules prior law or sets forth an entirely new analytical framework; (ii) new evidence -- especially if the movant has a good reason why the evidence was not presented the first time around; or (iii) a clear indication -- one that manifests itself without the need for in-depth analysis or review of the facts -- that the Court erred.  These three factors should influence the degree to which the Court restricts its review of a prior ruling, but they do not necessarily mean that the Court should always apply a deferential standard of review.  The Court should pause before applying a standard of review to its own interlocutory orders that is more deferential than the standard that the Court of Appeals will apply to it, unless

the Court concludes that the alleged error in the prior ruling was harmless, or the party moving for reconsideration waived its right to appeal the alleged error by not raising the appropriate argument. Even in circumstances where the Court concludes that it is insulated from reversal on appeal, there are principled reasons for applying a de novo standard. After all, if the Court was wrong in its earlier decision, then, generally speaking, it is unjust to maintain that result -- although the Court should weigh this injustice against any injustice that would result from upending the parties' reliance on the earlier ruling, which is the balancing test that the three factors above represent.

What the Court means by "restricting its review" is less about applying a deferential standard of review -- although that may be appropriate in some circumstances -- and more about reducing (i) the depth of the Court's analysis the second time around -- thus conserving judicial resources; and (ii) the impositions that relitigation of the prior ruling will impose on the party opposing the motion for reconsideration. The Court should consider the time and expense that the party opposing reconsideration spent in winning the earlier ruling, and should try to prevent that party from having to bear the same impositions again. Basically, even if the Court ultimately analyzes a motion to reconsider under the same standard which it analyzed the motion that produces the earlier ruling, it should analyze the motion in a different way -- one focused on reducing the litigation burdens of the party opposing reconsideration. For example, when a party moves the Court for a preliminary injunction, standard practice is that the Court holds an evidentiary hearing as a matter of course, regardless whether it looks as if the party has a good chance of prevailing. If the party loses and the Court denies the injunction, however, and the party moves for reconsideration, the party should not be entitled to the presumption of an evidentiary hearing merely because he or she received that presumption the first time the Court considered the motion.

In light of these statements, it is perhaps better to characterize the increased burden that a movant for reconsideration faces as one of production and not of persuasion. The Court analyzes motions to reconsider by starting where it ended in the prior ruling -- not by starting anew. Parties opposing reconsideration can do the same, and they may stand on whatever evidence and argument they used to win the earlier ruling. Movants for reconsideration, on the other hand, carry the full burden of production: they must persuade the Court, using only the evidence and argument they put before it, that it should change its prior ruling; they must do all of the legwork, and not rely on the Court to do any supplemental fact-finding or legal research; and they must convincingly refute both the counterarguments and evidence that the opposing party used to win the prior ruling and any new arguments and evidence that the opposing party produces while opposing the motion to reconsider. Unlike the motion that produced the prior ruling, a motion to reconsider is not -- and is not supposed to be -- a fair fight procedurally. The deck is stacked against a movant for reconsideration, and if such a movant hopes to prevail, he or she must have not only a winning legal position, but the work ethic and tenacity to single-handedly lead the Court to his or her way of thinking.

The Court has recently commented on parties rearguing the same issues on a rule 59(e) motion:

> Under rule 59(e)'s framework, the Court is not restricted to rule 50(b)'s remedies and may alter the judgment when there is: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d at 1012. The Tenth Circuit has noted that motions to alter, amend, or reconsider should not rehash old arguments, or advance new arguments or facts that could have been raised earlier. See United States v. Amado, 841 F.3d [867], 871 [(10th Cir. 2016)]("A proper motion to reconsider does not simply state facts previously available or make arguments previously made."); Servants of Paraclete v. Does, 204 F.3d at 1012 ("Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling

law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.").  As the Court has already noted, the Defendants' Motion raises the same arguments that the Defendants previously argued during their Motion to Alter.  The Court, however, also concludes that <u>Servants of Paraclete v. Does</u> does not force the Court to deny a motion to amend or alter, simply because it raises identical issues; rather, it affords the Court the option to deny that motion for reasons of judicial efficiency.  A court need not review a motion to alter or amend with the same rigor if the motion raises issues already considered, because it would waste time by forcing a judge to rewrite an opinion already rendered.  If, on the other hand, a party raises an identical issue on a motion to alter, and, upon the district judge's reflection, perhaps after passions have cooled, he or she concludes that he or she erred previously, <u>Servants of Paraclete v. Does</u> does not chain that district judge to an erroneous legal conclusion.  There is no sound reason for a district judge to be unable to change a ruling he or she has made if he or she has become concerned that he or she is wrong.

<u>Nelson v. City of Albuquerque</u>, 283 F. Supp. 3d 1048, 1099 (D.N.M. 2017)(Browning, J.)(altering a judgment, because officers were entitled to qualified immunity).

## **LAW REGARDING RULE 60(b)**

Rule 60(b) allows a court to relieve a party from a judgment or order.  <u>See</u> Fed. R. Civ. P. 60(b).  "Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."  <u>Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.</u>, 715 F.2d 1442, 1444 (10th Cir. 1983).  Rule 60(b) "is not a substitute for appeal and must be considered with the need for finality of judgment."  <u>Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.</u>, 715 F.2d at 1444 (citing <u>Brown v. McCormick</u>, 608 F.2d 410, 413 (10th Cir. 1979) ).  The rule was designed to strike a "delicate balance" between respecting the finality of judgment and, at the same time, recognizing the court's principal interest of executing justice.  <u>Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.</u>, 715 F.2d at 1444 (quoting <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 401 (5th Cir. 1981)).  Once a case is "unconditionally dismiss[ed]," the Court loses all jurisdiction over the case other than the ability

to hear motions under rule 60(b).  Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989)("We agree

with the [United States Court of Appeals for the] Seventh Circuit that '[a]n unconditional dismissal

terminates federal jurisdiction except for the limited purpose of reopening and setting aside the

judgment of dismissal within the scope allowed by [Fed. R. Civ. P.] 60(b).'" (alterations in

original)(quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985))).  See Thompson

v. THI of N.M. at Casa Arena, No. CIV 05-1331 JB/LCS, 2008 WL 5999653, at *28 (D.N.M.

Dec. 24, 2008)(Browning, J.)(requiring, after dismissing a complaint, that a plaintiff reopen the

case before amending the complaint, because "[w]hen a complaint has been dismissed, there is

nothing to amend. . . .  Allowing amendment of a dismissed complaint would also evade the

specific grounds, such as rule 60(b), that the Federal Rules of Civil Procedure have established for

court action on cases in which final judgment has been entered").

Motions to obtain relief from a judgment or order based on "mistake, inadvertence,

surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), must be brought "within a reasonable

time . . . no more than a year after the entry of the judgment or order or the date of the proceeding,"

Fed. R. Civ. P. 60(c)(1).  See Blanchard v. Cortes-Molina, 453 F.3d 40, 44 (1st Cir. 2006)("[R]elief

from judgment for reasons of 'mistake, inadvertence, surprise, or excusable neglect,' must be

sought within one year of the judgment." (quoting Fed. R. Civ. P. 60(b))).  This deadline may not

be extended and is not subject to the court's discretion.  See Fed. R. Civ. P. 6(b)(2) ("A court must

not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").  The

pendency of an appeal does not toll the time requirement for pursuing a motion under rule 60(b).

See Fed. R. Civ. P. 60(c)(1); Griffin v. Reid, 259 F. App'x 121, 123 (10th Cir. 2007)(unpublished);

Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1088 (10th Cir. 2005)("[A]n appeal does not

toll or extend the one-year time limit of Rule 60(b).").  No time limit applies to rule 60(b)(6), other than that the motion be made within a reasonable time.  See Fed. R. Civ. P. 60(c)(1).

1. **Rule 60(b)(1).**

The Tenth Circuit uses three factors in determining whether a judgment may be set aside in accordance with rule 60(b)(1): (i) whether the moving party's culpable conduct caused the default; (ii) whether the moving party has a meritorious defense; and (iii) whether setting aside the judgment will prejudice the nonmoving party.  See United States v. Timers Preserve, 999 F.2d 452, 454 (10th Cir. 1993).  Under some circumstances, for instance, a party can rely on rule 60(b)(1) for a mistake by their attorney or when their attorney acted without their authority.  See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority[.]").  Mistake in this context entails either acting without the client's consent or making a litigation mistake, such as failing to file or comply with deadlines.  See Yapp v. Excel Corp., 186 F.3d at 1231.  If the alleged incident entails a mistake, then it must be excusable, meaning that the party was not at fault.  See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)("This leaves, of course, the Rule's requirement that the party's neglect be 'excusable.'"); Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990)(holding attorney carelessness is not a basis for relief under Rule 60(b)(1)).

Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics.  See Cashner v. Freedom Stores, Inc., 98 F.3d at 577. This rule exists because a party

> voluntarily chose [the] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. at 397 (internal quotation marks omitted)(quoting Link v. Wabash R.R., 370 U.S. 626, 633-34 (1962)).  The Tenth Circuit has held that there is nothing "novel" about "the harshness of penalizing [a client] for his attorney's conduct" and has noted that those "who act through agents are customarily bound," even though, when "an attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences."  Gripe v. City of Enid, 312 F.3d 1184, 1189 (10th Cir. 2002).  The Court has previously stated:

> There is a tension between how the law treats attorney actions that are without authority, thus permitting relief under rule 60(b), and how the law treats those attorney actions which are inexcusable litigations decisions, thus failing to qualify for relief; although the distinction between those actions may not always be logical, it is well established.

Wilson v. Jara, No. CIV 10-0797 JB/WPL, 2012 WL 1684595, at *7 (D.N.M. May 10, 2012)(Browning, J.).

**2.      Rule 60(b)(6).**

*26 Rule 60(b)(6) provides that a court may relieve a party from final judgment, order, or proceeding for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  No time limit applies to rule 60(b)(6), save that the motion be made within a reasonable time.  See Fed. R. Civ.

P. 60(c)(1).  "Thus, to the extent it is applicable, clause (6) appears to offer a means of escape from the one-year limit that applies to motions under clauses (1), (2), and (3)."  11 Wright, et al., Federal Practice & Procedure § 2864, at 490.  In Pioneer Investment Services Co. v. Brunswick Associates Ltd., the Supreme Court reasoned that, to avoid abrogating the one-year time limit for rule 60(b)(1) to (3), rule 60(b)'s "provisions are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)."  507 U.S. at 393 (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 & n.11 (1988)).  "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." 12 James Wm. Moore et al., Moore's Federal Practice, Civil § 60.48[2], at 60-182 (3d ed. 2013).  Accord Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863 n.11 ("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted)(quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)).  "The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863 (quoting Klapprott v. United States, 335 U.S. 601, 614-15 (1949) ).  Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief.  See Ackermann v. United States, 340 U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up

the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence."). Legal error that provides a basis for relief under rule 60(b)(6) must be extraordinary, as the Tenth Circuit discussed in Van Skiver v. United States:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by Pierce [v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)(en banc)]. In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured." Pierce, 518 F.2d at 723. However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6). Collins v. City of Wichita, 254 F.2d 837, 839 (10th Cir. 1958).

Van Skiver v. United States, 952 F.2d at 1244-45.

"Courts have found few narrowly-defined situations that clearly present 'other reasons justifying relief.'" Wright et al., supra, § 2864, at 483 (quoting Fed. R. Civ. P. 60(b)(6)). See Marcotte, In re Ortega v. Burlington N. Santa Fe Rail Corp., No. CIV 04-0836 JB/RLP, 2007 WL 5685130, at *29 (D.N.M. Oct. 11, 2007)(Browning, J.)("Rule 60(b)(6), given its more liberal time restraints, is reserved for the most egregious cases."). The Supreme Court expounded:

> To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1 and the party's neglect must be excusable. In Klapprott [v. United States, 335 U.S. 601 (1949)], for example, the petitioner had been effectively prevented from taking a timely appeal of a judgment by incarceration, ill health, and other factors beyond his reasonable control. Four years after a default judgment had been entered against him, he sought to reopen the matter under Rule 60(b) and was permitted to do so.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. at 393 (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863 & n.11; Ackerman v. United States, 340 U.S. 193, 197-200 (1950); Klapprott v. United States, 335 U.S. at 613-14). See Gonzalez v. Crosby, 545 U.S.

524, 535 (2005)("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."(quoting <u>Ackerman v. United States</u>, 340 U.S. at 199)).  In <u>Gonzalez v. Crosby</u>, the Supreme Court found a change in the law during the pendency of a habeas petition was not an extraordinary circumstance.  <u>See</u> 545 U.S. at 537.  When the Supreme Court first addressed rule 60(b)(6) a year after it was introduced to the federal rules, while the Justices were sharply divided on other issues, no dispute arose from the statement of the Honorable Hugo Black, former Associate Justice of the Supreme Court: "[O]f course, the one year limitation would control if no more than 'neglect' was disclosed by the petition. In that event the petitioner could not avail himself of the broad 'any other reason' clause of 60(b)."  <u>Klapprott v. United States</u>, 335 U.S. at 613 (quoting Fed. R. Civ. P. 60(b) ). See Wright et al., <u>supra</u>, § 2864, at 493.

Examples where courts apply rule 60(b)(6) include "settlement agreements when one party fails to comply" and courts use the rule "to return the parties to the status quo," or in cases where fraud is used by a "party's own counsel, by a codefendant, or by a third-party witness," which does not fit within rule 60(b)(3)'s provision for fraud by an adverse party.  Wright et al., <u>supra</u>, § 2864, at 485, 487.  The most common application is to grant relief "when the losing party fails to receive notice of the entry of judgment in time to file an appeal."  Wright et al., <u>supra</u>, § 2864, at 488.  When moving for relief pursuant to rule 60(b)(6), it is not enough to argue the same issues that a court has already addressed.  <u>See</u> <u>Pyeatt v. Does</u>, 19 F. App'x 785, 788 (10th Cir. 2001)(unpublished)(concluding that a motion to reconsider that "simply reasserts information considered by the district court in its initial determination . . . does not meet the extraordinary circumstances standard required for Rule 60(b)(6) relief").

## ANALYSIS

The Court first concludes that rule 60(b)(2) relief is not appropriate under the facts that Jones presents, because Jones does not point to evidence that was newly discovered during the rule's twenty-eight-day period.  Second, the Court concludes that rule 60(b)(3) relief is not warranted, because the Court has already addressed the arguments that Jones raises in the Motion. Accordingly, the Court denies the Motion.

## I.     RULE 60(b)(2) RELIEF IS NOT APPROPRIATE UNDER THE FACTS PRESENTED.

The Tenth Circuit has stated that, to warrant relief under rule 60(b)(2), "[n]ewly discovered evidence has to be newly discovered after the twenty-eight day deadline for moving for new trial under Fed. R. Civ. P. 59(b) has expired."  DuHall v. Lennar Family of Builders, 382 F. App'x. 751, 754 (10th Cir. 2010)(unpublished)(emphasis added)(citing Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993)).  While Jones claims that there is a "massive amount" of new evidence regarding "how damaging the use of [Prohibited Personnel Practices] can be to the Agency's ability to perform its mission," he does not describe such evidence with any specificity or provide such evidence with his request.  Motion at 10-11.  To the extent that Jones relies on evidence relative to the COVID-19 pandemic generally, there is no indication that Jones did not discover such evidence until twenty-eight days after the dismissal of his claims with prejudice on March 20, 2020.  Accordingly, a rule 60(b) motion does not provide an escape from a lack of reasonable diligence given the timing of the pandemic relative to the dismissal of Jones' claims.[4]

---

[4]Jones acknowledges that his request is based on the events of the "few months" prior to the June 11, 2020 filing of his request.  Motion at 10.  The twenty-eight-day period for him to file a motion under rule 59(e) after the March 20, 2020 dismissal of his claims would have expired April 17, 2020.

To the extent that Jones relies on evidence discovered after the expiration of the twenty-eight-day period in which he could seek relief under rule 59(e), such evidence does not constitute newly discovered evidence which would entitle Jones to rule 60(b)(2) relief.  For newly discovered evidence to warrant rule 60(b)(2) relief, the moving party must show:

> (1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [is] material; and (5) that a new trial[ ] with the newly discovered evidence would probably produce a different result.

Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005)(quoting Graham v. Wyeth Lab., 906 F.2d 1399, 1416 (10th Cir. 1990)).

Jones makes a general reference to "massive amounts" of new evidence regarding "how damaging the use of [Prohibited Personnel Practices] can be to the Agency's ability to perform its mission" and makes one reference to a specific piece of "new evidence," suggesting that the Court consider a June 10, 2020, column in the Washington Post entitled We are Living in a Bipartisan State of Denial About Coronavirus, in which, according to Jones, the author states that "we are still in the very early phase [of the pandemic] and there is a profound sense of denial from our political leadership."  Motion at 2.  A newspaper editorial author's opinion that government responses to a pandemic indicate a political state of denial is neither admissible nor material evidence that Jones' employment application was denied as an act of employment discrimination.

Jones has not produced any "new evidence" of employment discrimination.  Nor has he attempted to meet rule 60(b)(2)'s requirements by showing that he was diligent in discovering the evidence, that any such evidence is not "merely cumulative or impeaching," how any such evidence is material, or, if relief were granted, that such evidence would likely produce a different result.  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d at 1290.  Accordingly, Jones has not met his

burden to establish that he is entitled to relief under rule 60(b)(2) based on the discovery of new evidence.

## II.      RULE 60(b)(3) RELIEF IS NOT APPROPRIATE UNDER THE FACTS PRESENTED.

A party is entitled to relief under rule 60(b)(3) where misconduct has substantially interfered with that party's ability fully and fairly to prepare and proceed with his case.  See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). As a general rule, however, where a party has an opportunity to adequately respond to the alleged misconduct in presenting its case, rule 60(b)(3) relief is not warranted.  See Federated Towing & Recovery, LLC v. Praetorian Ins. Co., 283 F.R.D. 644, 668 (D.N.M. 2012)(Browning, J.); Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d at 993 (holding that rule 60(b)(3) relief was not warranted where a party failed to disclose its damages theory prior to trial, but the aggrieved party was given the opportunity to cure any resulting prejudice).

Jones alleges that Assistant United States Attorney Michael Hoses engaged in misconduct. See Motion at 5, 7, 9.  Mr. Hoses may have served as defense counsel in prior cases which Jones filed, but Mr. Hoses is not involved in the instant case.  See e.g., Motion for Summary Judgement - 1 at 3, filed August 28, 2019 (Doc. 29)("Jones' First MSJ")(referencing Jones' 2016 deposition taken by Mr. Hoses).  As Jones acknowledges, he chronicled these allegations of misconduct in the Jones' First MSJ.  See Jones' First MSJ at 9.  The Court considered and rejected Jones' arguments regarding the alleged misconduct and denied Jones' First MSJ, which was based solely on those allegations.  See MOO at 19-20.  Because Jones has not demonstrated how Mr. Hoses' alleged misconduct, which appears to have occurred relative to another lawsuit, impacted his

ability to prepare and present his case here, and because the Court has already considered this argument, relief under rule 60(b)(3) is not warranted.

Similarly, relief under rule 60(b)(6) is not warranted.  First, as discussed above, Jones' requests fall under rule 60(b)(2) and 60(b)(3).  "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." Moore et al., supra, § 60.48[2], at 60-182.  More importantly, to the extent that the COVID-19 pandemic presents extraordinary circumstances beyond Jones' control, the pandemic's severity has nothing to do with the legal issue at hand -- whether the Department of Health and Human Services discriminated against Jones on the basis of his age -- which the Court has already considered and determined.  Accordingly, the COVID-19 pandemic does not warrant rule 60(b) relief.

**IT ORDERED** that Plaintiff's Request for Meeting to Review the Proposed Findings and Recommended Disposition, filed June 11, 2020 (Doc. 59), is denied.

UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

John Paul Jones
Albuquerque, New Mexico

    *Plaintiff pro se*

John C. Anderson
  United States Attorney
Erin Langenwalter
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Defendant*